UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-37-TAV-CCS |
| | ) | |
| RONNIE ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 16, 2017, for a motion hearing on appointed defense counsel's Motions to File Document Under Seal [Docs. 202 & 203] and Motion to Withdraw [Doc. 204], all filed on November 7, 2017. Assistant United States Attorney Cynthia F. Davidson represented the Government. Attorney Ursula Bailey appeared with the Defendant, who was also present.

The Court appointed [Doc. 188] Attorney Bailey to represent Defendant Rogers on October 24, 2017. Ms. Bailey now asks to withdraw and asks to file her motion to withdraw under seal, because the motion references privileged information. The Court conducted a sealed, *ex parte* hearing to learn the nature of Ms. Bailey's request to withdraw and to examine the need to seal the motion. Based upon the confidential comments of counsel in the sealed portion of the hearing, the motions [**Docs. 202 & 203**] to seal are **DENIED**, and the Clerk of Court is **DIRECTED** to remove the provisional seal from the Motion to Withdraw [Doc. 204]. The motion states that Ms. Bailey discovered an actual conflict of interest in representing Defendant Rogers and that she met with

the Defendant and informed him of this conflict. AUSA Davidson said the Government had no objection to the substitution of counsel in this case.

The Court finds the Motion to Withdraw to be well taken, due to an actual conflict of interest arising from Ms. Bailey's representation of the Defendant. For this reason, the Court finds good cause to permit Ms. Bailey to withdraw as counsel of record for the Defendant. Defense counsel's Motion to Withdraw [**Doc. 204**] is **GRANTED**, and Attorney Bailey is **RELIEVED** as counsel for Defendant Rogers. *See Wheat v. United States*, 486 U.S. 153, 160 (1988) (holding that a court may disqualify the defendant's counsel, even when the defendant offers to waive any conflict, because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings); *Glasser v. United States*, 315 U.S. 60, 70 (1942) (holding that the Sixth Amendment right to counsel encompasses the right to have an attorney without a conflict), *superseded by rule on another issue Bourjaily v. U.S.*, 483 U.S. 171, 181 (1987).

The Court recognizes the need for the Defendant to be represented by conflict-free counsel. Attorney Nathaniel Evans was present at the hearing and agreed to represent the Defendant in this case. Accordingly, the Court hereby **SUBSTITUTES** and **APPOINTS** Mr. Evans as counsel of record for the Defendant pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. Ms. Bailey stated that she had provided the discovery and information from the Defendant's file to Mr. Evans. The Court extended the motion-filing deadline for this Defendant to **December 5, 2017**. Responses to any motions filed on behalf of Defendant Rogers are due on or before **December 12, 2017**.

Accordingly, the Court **ORDERS**:

(1) The motions to seal [**Docs. 202 & 203**] the Motion to Withdraw are **DENIED**. The Clerk of Court is **DIRECTED** to remove the provisional seal from the Motion to Withdraw [**Doc. 204**];

(2) Defense counsel's Motion to Withdraw [**Doc. 204**] is **GRANTED**;

(3) Attorney Ursula Bailey is **RELIEVED** as counsel for Defendant Rogers. Ms. Bailey has provided the discovery and information from the Defendant's file to new counsel;

(4) Attorney Nathaniel Evans is **SUBSTITUTED** and **APPOINTED** to represent Defendant Rogers, pursuant to the CJA; and

(5) Defendant Rogers' deadline for filing pretrial motions is extended to **December 5, 2017**. Responses to motions filed by Defendant Rogers are due on **December 12, 2017**.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge