UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:11-CR-52-TAV-DCP-1 3:17-CR-37-TAV-DCP-11 |
| RONNIE ROGERS, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motions for compassionate release [Case No. 3:11-CR-52, Doc. 51; Case No. 3:17-CR-37, Doc. 670] and motion to appoint counsel [Case No. 3:11-CR-52, Doc. 52].[1] Defendant has also filed a supplement to his motion for compassionate release [Doc. 53]. The United States has filed a response [Doc. 55]. The matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motion to appoint counsel will be **DENIED as moot** and his motions for compassionate release will be **DENIED**.

**I. Background**

On April 5, 2018, defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) [Case No. 3:17-CR-37, Docs. 262, 277]. Defendant

---

[1] Further references to the docket will be to pleadings filed in Case No. 3:11-CR-52. In the event that the Court does need to refer to a document filed in Case No. 3:17-CR-37, it will identify the document as such.

also admitted guilt to violating his conditions of supervised release [Doc. 50]. Defendant was sentenced to 28 months' imprisonment for violating his conditions of supervised release [Doc. 50]. For his conviction in the 2017 case, defendant was sentenced to 103 months' imprisonment, to be served consecutive to the 28-month sentence, to be followed by five (5) years of supervised release [Case No. 3:17-CR-37, Doc. 538]. Thus, between the two judgments, defendant was sentenced to a total term of imprisonment of 131 months.

Defendant is housed at FCI Talladega, which currently has zero (0) active cases of COVID-19 amongst the inmates, two (2) active cases amongst the staff, and 129 staff and 585 inmates have been vaccinated against COVID-19. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited August 4, 2021). Defendant is sixty-seven (67) years old and medical records establish that he suffers from, among other ailments, hyperlipidemia, sleep apnea, hypertension, and GERD [Doc. 51, pp. 40-41]. Defendant received his second dose of the Pfizer COVID-19 vaccine on February 24, 2021 [Doc. 56]. Defendant is scheduled for release on February 11, 2027. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 4, 2021).

## II.     Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised

2

one such exception.  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018).  Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons.  Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).

If defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*.

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction.  At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The Commission's policy statement

3

on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct.

4

Case 3:17-cr-00037-TAV-DCP   Document 711   Filed 08/05/21   Page 4 of 8   PageID #: 11755

13, 17 (2017)).  The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture.  *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The United States concedes that defendant has satisfied the exhaustion requirement [Doc. 55].  Thus, the Court may consider the merits of defendant's request.

**B.     § 3553(a) factors**

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial.  *Elias*, 984 F.3d at 519.  In this instance, the § 3553(a) factors weigh against compassionate release, so the Court need not address whether defendant has satisfied the extraordinary and compelling reasons prong of the analysis. "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."  *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (internal citations omitted).  The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a) paragraph (2).  § 3553(a); *see also Pepper v. United States*, 526 U.S. 476, 491 (2011).  To this end, § 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims.  § 3553(a); *see also Pepper*, 526 U.S. at 491.

5

The Court begins with the criminal conduct at issue in this case. The Presentence Investigation Report ("PSR") states that:

> [b]eginning in 2016, the defendant entered into a cocaine distribution conspiracy, which existed in the Eastern District of Tennessee, and elsewhere. The defendant would purchase 2 ounces of cocaine twice a week from [a codefendant]. On April 4, 2017, the defendant was stopped in Cleveland, Tennessee, with 7 grams of crack cocaine and $2,800 in cash. In total, the defendant purchased 2 to 3 kilograms of powder cocaine from [a codefendant] for resale. Based on his personal involvement and role in this conspiracy, the defendant agrees to be held responsible for a base offense level 26.

[Case No. 3:17-CR-37, Doc. 340, ¶¶ 12-14]. The Court finds that this was a serious offense involving a substantial quantity of cocaine.

Nor was this defendant's first drug conviction. Defendant's PSR sets forth that he qualified as a career offender [*Id.* at ¶ 69], and his past convictions include, among other things, an assault conviction, multiple drug possession and trafficking convictions, and numerous theft, burglary, and forgery convictions [*Id.* at ¶¶ 38-65]. Defendant also has an extensive history of violating probation/supervised release, including violating the conditions of release in Case No. 3:11-CR-52 [*Id.* at ¶¶ 43, 50, 62, 64, 65]. The fact that defendant has a history of probation violation calls into question whether he would abide by his conditions of supervised release if his motion were granted.

The Court took all of this information, as well as all the other evidence of record, into account in fashioning a sentence which was sufficient, but not greater than necessary, to reflect, among other things, the serious nature of the offense, the need to promote respect for the law and provide just punishment, the need for adequate deterrence both as to this

6

defendant and to the public at large, and to protect the public from further crimes by this defendant. Taking all relevant evidence and the entire record into account, the Court imposed a total sentence of 131 months [Doc. 50; Case No. 3:17-CR-37, Doc. 538].

Considering good credit time, defendant is due to be released February 11, 2027, leaving defendant with approximately 66 months left to serve. The Sixth Circuit has ruled that courts may consider the amount of time a defendant has served when ruling on a motion for compassionate release. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). The Court notes that defendant has only served approximately half of the imposed sentence and finds that the interests of just punishment, adequate deterrence, and protection of the public weigh against defendant's request for compassionate release given the percentage of his sentence which remains to be served.

The Court is aware of defendant's medical condition, and the risk that the ongoing pandemic poses especially to those with certain health conditions. That risk however is somewhat lessened by the fact the Bureau of Prisons has begun vaccinating inmates against COVID-19, and, as the Court noted above, 585 inmates at the facility where defendant is housed have already been vaccinated. In addition, defendant has also been vaccinated. The Court in no way diminishes the risk COVID-19 continues to present, but the Court must still balance the § 3553(a) factors against all other relevant evidence.

7

After considering all of the above, the Court finds that the sentencing factors weigh against compassionate release. In reaching this decision, the Court has considered the parties' filings, the PSR, the § 3553(a) factors and other relevant law, and the record as a whole. While the Court notes defendant's medical conditions, that is only part of the compassionate release calculus. On the record before the Court, the sentencing factors weigh against early release, and defendant's motions for compassionate release will be **DENIED**.

### IV. Request to Appoint Counsel

Defendant also asks the Court to appoint counsel to assist him with compassionate release litigation [Doc. 52]. The Court notes that Standing Order 21-09 appoints Federal Defender Services of East Tennessee ("FDSET") to assist defendants, in appropriate cases, with compassionate release motions. In light of that fact, defendant's motion to appoint counsel will be **DENIED as moot**.

### V. Conclusion

Accordingly, for the reasons set forth more fully above, defendant's motion to appoint counsel [Case No. 3:11-CR-52, Doc. 52] is **DENIED as moot** and his motions for compassionate release [Case No. 3:11-CR-52, Doc. 51; Case No. 3:17-CR-37, Doc. 670] are **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE